UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| MARTHA ROSE WAGERS, | CIVIL ACTION NO. 6:23-CV-94-KKC |
| Plaintiff, | |
| v. | OPINION AND ORDER |
| MARTIN O'MALLEY,<br>Acting Commissioner of Social Security, | |
| Defendant. | |

*** *** ***

This matter is before the Court on Plaintiff Martha Rose Wagers' appeal of her denial of social security benefits. (DE 1.) Wagers has filed a supporting brief. (DE 17.) Defendant Acting Commissioner of Social Security responded in opposition, seeking affirmance of the underlying decision. (DE 19.) The Court, having reviewed the record, will deny Wagers' appeal and affirm the Commissioner's decision.

**I.  Analysis**

This Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (citation and quotation marks omitted). To determine whether a claimant has a compensable disability under the Social Security Act (the "Act"), the ALJ applies a five-step sequential process. 20 C.F.R. § 404.1520(a)(1), (4); *see also Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 834 n.6 (6th Cir. 2016) (describing the five-step evaluation process). The five steps include the following:

> *Step 1:*  If the claimant is doing substantial gainful activity, the claimant is not disabled.

1

> *Step 2:* If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.
>
> *Step 3:* If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his or her impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.
>
> *Step 4:* If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.
>
> *Step 5:* If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Sorrell v. Comm'r of Soc. Sec.*, 656 F. App'x. 162, 169 (6th Cir. 2016) (citing *Rabbers*, 582 F.3d at 652)).

If, at any step in the process, the ALJ concludes that the claimant is or is not disabled, the ALJ can then complete the "determination or decision and [the ALJ] do[es] not go on to the next step." § 404.1520(a)(4). In the first four steps of the process, the claimant bears the burden of proof. *Sorrell*, 656 F. App'x. at 169 (quoting *Jones v. Comm'r of Soc. Sec.* 336 F.3d 469, 474 (6th Cir. 2003)). If the claim proceeds to step five, however, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity . . . and vocational profile." *Id.* (citation and quotation marks omitted); *see also* § 404.1520(g)(1).

In denying Wagers' claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Act. § 404.1520(a); *see, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Wagers had not engaged in substantial gainful activity since March 31, 2021, the alleged onset date. (Administrative Record ("AR") at 23.)

At step two, the ALJ determined that Wagers suffers from the following medically determinable severe impairments: obesity, degenerative disc disease, spondylosis, and sensorineural hearing loss in the left ear. (*Id.*)

At step three, the ALJ found that Wagers' impairments or combination of impairments did not meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 24.)

At step four, the ALJ assessed Wagers' residual functioning capacity ("RFC"). (*Id.* at 25.) In making this assessment, the ALJ considered all of Wagers' symptoms to the extent that they could reasonably be accepted as consistent with objective medical evidence and other evidence. The ALJ further considered and weighed the medical opinions and prior administrative medical findings in accordance with the requirements of 20 C.F.R. § 404.1520(c). The ALJ concluded that Wagers has the RFC to perform "light work" subject to some physical limitations. (*Id.*) These limitations include only "frequent" climbing of ladders, ropes, or scaffolds; "frequent" stooping, kneeling, crouching, and crawling; "frequent" exposure to vibration; "frequent" reaching bilaterally; and exposure to no more than "moderate" noise level. (*Id.*) As a result, the ALJ found that Wagers could perform past relevant work as a sales attendant, retail salesclerk, and teacher aide. (*Id.* at 28.) The ALJ then concluded that Wagers was not disabled under the Act. (*Id.*)

The ALJ's decision became the final decision of the Commissioner when the Appeals Council subsequently affirmed the decision. *See* 20 C.F.R. § 422.210(a). Wagers exhausted her administrative remedies and filed an appeal in this Court, choosing to represent herself instead of relying on counsel.  She filed a supporting brief and, in response, the Commissioner filed his own brief. [1] Accordingly, this case is now ripe for review under 42 U.S.C. § 405(g).

---

[1] The letter filed by Wagers (DE 17) is not written or titled as a supporting brief nor includes relevant case law. For the purpose of her appeal, however, the Court will construe it as her appeal's brief.

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 783 (6th Cir. 2017). The Court must look to the record to determine whether the ALJ's decision is supported by substantial evidence—which has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). The ALJ's decision must be read holistically. *See Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365 (6th Cir. 2013).

Wagers does not argue that the ALJ erred in any specific way and instead asks that the Court reconsider her denial of disability benefits. (DE 17 at 3.) When a *pro se* appellant fails to present specific arguments, this Court has previously opted to review the entirety of the ALJ's opinion to ensure the Commissioner's decision was supported by substantial evidence and contained no legal error. *See Ward v. Saul*, No. 18-CV-68-DLB, 2020 WL 479260, at *3 (E.D. Ky. Jan. 29, 2020). "[T]his review will include consideration of whether the ALJ properly considered Plaintiff's impairments." *Id.* Accordingly, the Court will follow this same structure and review each step taken in the denial of disability benefits.

### A. Step One

First, the ALJ determined that Wagers had not engaged in substantial gainful activity since March 31, 2021, the alleged onset date. (AR at 23.) This finding is undisputed.

### B. Step Two

Second, the ALJ determined that Wagers suffers from the following medically determinable severe impairments: obesity, degenerative disc disease, spondylosis, and sensorineural hearing loss in the left ear. (*Id.*) The ALJ further found that Wagers had the following non-severe impairments: hypertension, seasonal allergies, sinusitis, migraines, dyslipidemia, renal stones, bilateral hammer toes, heel spurs, insomnia, and excision of skin

neoplasm. (*Id.*) These non-severe impairments were found to have lasted less than 12 months or were otherwise well-controlled with medication. (*Id.*)

The ALJ also considered Wagers' mental impairments and overall mental functioning. (*Id.* at 23-24.) Wagers has the mental impairments of anxiety and depression, but the ALJ found that they did not cause "more than minimal limitation in the claimant's ability to perform basic mental work activities[.]" (*Id.* at 23.) Further, pursuant to 20 C.F.R., Part 404, Subpart P, Appendix 1, the ALJ found that Wagers had average mental functioning subject to some mild limitations. (*Id.* at 23-24.) The ALJ noted that all of Wagers' impairments were considered when assessing her RFC at step four. (*Id.* at 23.)

### C. Step Three

Third, the ALJ found that Wagers' impairments or combination of impairments did not meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 24.) This finding is also undisputed.

### D. Step Four

Fourth, the ALJ found that Wagers has the RFC to perform "light work" subject to some physical limitations and concluded that she could perform some of her past relevant work. (*Id.* at 28.) In reaching this conclusion, the ALJ found that Wagers' statements "concerning the intensity, persistence[,] and limiting effects" of her symptoms were not "entirely consistent" with the medical evidence and the "nature of the claimant's treatment." (*Id.* at 26.) A CT scan following her March 2021 car accident indicated "mild to moderate lower lumbar facet disease with no significant disc disease and no significant stenosis[.]" (*Id.*) She was informed that she could return to work "without any restrictions[.]" (*Id.*)

Wagers then consulted an orthopedist and had an MRI done, which resulted in her being referred to physical therapy. (*Id.*) She was meant to attend physical therapy for three

5

times per week for four weeks, but "she quit going after five sessions[.]" (*Id.*) Afterwards, she did not see her orthopedist for six months, until she "returned to him asking for help getting disability[.]" (*Id.*) Her orthopedist, at this second meeting, explained that he "did not do Social Security disability" and noted that her physical examination was "unremarkable with a non-antalgic gait[.]" (*Id.*) Her only recorded medications were Ibuprofen, Tylenol, and a TENS unit to use for 30 days. (*Id.*)

The ALJ also looked to medical opinions and prior administrative medical findings to reach his ultimate conclusion. He found that the opinions of the State Agency psychological consultants, Dr. Vandivier and Dr. Gonzalez, were persuasive in their determinations that Wagers' mental impairments were non-severe and caused no more than mild limitations in mental functioning. (*Id.* at 27.) These opinions also noted that, in counseling sessions during the relevant period, Wagers "primarily complained of her financial situation, unremarkable mental status exams, and good control of symptoms with medication management through a primary care provider." (*Id.*)

The ALJ found that the opinions of the State Agency medical consultants, Dr. Demos and Dr. Booth, were somewhat persuasive. (*Id.*) While these opinions opined that Wagers could perform a medium range of work, citing unremarkable physical exams and mild degenerative changes, the ALJ chose to give Wagers "the benefit of the doubt" and limited her to a range of light work "despite a lack of any significant treatment since September of 2021." (*Id.* at 27-28.) In doing so, the ALJ found that the "future" restrictions noted by her orthopedist were unpersuasive because they were based entirely on her subjective complaints and inconsistent with the objective medical evidence. (*Id.* at 28.)

Based on the RFC determination, the ALJ concluded that Wagers could perform past relevant work as a sales attendant, retail salesclerk, and teacher aide. (*Id.*) This conclusion was supported by the vocational expert's uncontested testimony. (*Id.*)

The Court finds that the ALJ's decision to deny disability benefits is supported by substantial evidence. The ALJ relied on objective medical evidence to evaluate Wagers' alleged symptoms and even assigned her a more lenient RFC than what the State Agency medical consultants' persuasive opinions recommended. Even with an RFC limited to light work, the ALJ found that Wagers could perform past relevant work. (*Id.*) These determinations are supported by substantial evidence, in that a reasonable mind could accept them as adequate to support the ALJ's decision to deny disability benefits.

## II.    Conclusion

For the aforementioned reasons, the Court **HEREBY ORDERS** that:

1. Wagers' appeal at issue (DE 17) is DENIED;

2. The decision of the Commissioner is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g), in that it was supported by substantial evidence; and

3. A judgment will be entered contemporaneously with this order.

This 5th day of September, 2024.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY